IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL R. SNELL | § | |
| v. | § | CIVIL ACTION NO. 5:11cv126 |
| COMMUNITY EDUCATION CENTERS CORRECTIONAL AND MEDICAL STAFF, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Snell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Bowie County Correctional Center in Texarkana, Texas. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Snell named the "Community Educational Centers Correctional and Medical Staff," Sheriff James Prince of Bowie County, and Dr. Nash, the medical provider for the Bowie County Correctional Center.

Snell's complaint concerns the medical care which he received from the jail officials, as well as claims that the officials were deliberately indifferent to his safety, the conditions of his confinement amounted to cruel and unusual punishment, and he was denied access to the law library. The Defendants were ordered to answer the lawsuit and filed a motion for summary judgment, together with competent summary judgment evidence. Snell filed a response to the motion, and the Defendants filed a reply to this response.

After review of the pleadings and the evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and that the lawsuit be dismissed.

1

The Magistrate Judge determined that: Snell failed to show deliberate indifference to his serious medical needs or that any of the Defendants knew of and disregarded a substantial risk of serious harm; the conditions in the observation cell about which Snell complained did not amount to cruel or unusual punishment; Snell could not properly raise new claims in his response to the motion for summary judgment; the claim that he was denied a mattress for a number of days did not set out a constitutional violation; his claim of denial of access to the law library lacked merit; the named defendants were entitled to qualified immunity; and, the claims which Snell sought to raise against unnamed defendants lacked merit.

Snell received a copy of the Magistrate Judge's Report on or before July 11, 2012, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 80) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 68) is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice. It is further
2

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 10th day of September, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE